IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-75-2-D
No. 7:10-CV-37-D

| | |
|---|---|
| JAMES LAMONT BONEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 6, 2008, James Lamont Boney ("Boney" or "petitioner") pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846 [D.E. 43]. On March 3, 2009, this court sentenced Boney to 198 months' imprisonment [D.E. 64]. On March 1, 2010, Boney moved to vacate his sentence [D.E. 68]. On April 16, 2010, the government moved to dismiss petitioner's motion to vacate for failure to state a claim or, alternatively, for summary judgment [D.E. 71]. As explained below, the court grants the government's motion for summary judgment [D.E. 71] and denies petitioner's motion to vacate [D.E. 68].

I.

The government moves to dismiss Boney's motion to vacate under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56 [D.E. 71]. On April 29, 2010, the court notified Boney about the motion for summary judgment, the effect of failing to respond, and the response deadline [D.E. 73]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Boney did not respond.

The court exercises its discretion to convert the government's motion [D.E. 71] to a motion for summary judgment. See Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998); Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 996 (4th Cir. 1997). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted and emphasis removed).

In determining whether a genuine issue of material fact exists, the court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). To defeat a motion for summary judgment, the nonmoving party must present "evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

II.

Boney argues that he received ineffective assistance of counsel. See Mot. to Vacate 3, 9–13. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel — that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam)

(quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). A person alleging ineffective assistance of counsel must demonstrate not only that counsel's representation fell below an objective standard of reasonableness, but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Hill v. Lockhart, 474 U.S. 52, 58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

As for Strickland's first requirement, the "proper standard for attorney performance is that of reasonably effective assistance." Strickland, 466 U.S. at 687. In determining whether counsel's performance was reasonable, a reviewing court must apply an "objective standard of reasonableness" to counsel's conduct. Id. at 688; Van Hook, 130 S. Ct. at 16. The Strickland standard prohibits a reviewing court from using 20-20 hindsight to second-guess counsel's tactical decisions. See Strikland, 466 U.S. at 688–90. Rather, "[j]udicial scrutiny of counsel's performance must be highly deferential," and a court must examine counsel's conduct without the "distorting effects of hindsight." Id. at 689; see Gray v. Branker, 529 F.3d 220, 229 (4th Cir. 2008).

As for Strickland's second requirement, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691; see Van Hook, 130 S. Ct. at 19–20. Moreover, "Strickland places the burden on the defendant, not the [government], to show a reasonable probability that the result would have been different." Wong v. Belmontes, 130 S. Ct. 383, 390–91 (2009) (per curiam) (quotation omitted).

Boney claims that he received ineffective assistance of counsel because (1) counsel did not object to the use of Boney's 2006 drug-trafficking conviction to determine his criminal history score; (2) although counsel objected to the application of a three-level enhancement based on Boney's

3

manager or supervisor role, counsel withdrew the objection and "failed to argue against the enhancement at sentencing;" and (3) counsel did not request a downward variance based on the guidelines' sentencing disparity between crack and powder cocaine. See Mot. to Vacate 9–13.

First, Boney argues that his attorney was ineffective because counsel did not object to the assignment of one criminal history point based on Boney's 2006 drug-trafficking conviction in state court. See Mot. to Vacate 9–10; Presentence Investigation Report ¶ 23 [hereinafter "PSR"]. Boney contends that counsel should have argued that the 2006 drug-trafficking conviction should not have been counted because the conduct underlying the conviction is relevant conduct to the instant offense. See Mot. to Vacate 9–10.

Boney's first claim fails because he cannot show prejudice. At sentencing, Boney had total of three criminal history points, for a criminal history category of II. See PSR ¶¶ 23–27; cf. U.S.S.G. § 5A (sent'g table). Even if the court had not counted the 2006 drug-trafficking conviction, Boney still would have had two criminal history points because he committed the instant offense while he was on probation. See U.S.S.G. § 4A1.1(d)(requiring a two-point enhancement if defendant committed the instant offense while under "any criminal justice sentence, including probation"). Thus, Boney would have continued to qualify for a criminal history category of II. See U.S.S.G. § 5A (sent'g table).

Alternatively, Boney's first claim fails because Boney's counsel acted reasonably in declining to object to the use of Boney's 2006 drug-trafficking conviction to determine his criminal history category. A prior sentence for criminal history purposes is "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." U.S.S.G. § 4A1.2 cmt. n.1. Boney was sentenced on July 25, 2006 for the 2006 drug-trafficking conviction offense, which was before sentencing occurred for the instant offense. See PSR ¶ 23. Relevant

4

conduct is defined to include "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Boney's 2006 drug-trafficking conviction arose from Boney selling powder cocaine to an undercover police officer on January 11, 2005. PSR ¶ 23. In contrast, the instant offense involved Boney conspiring to distribute cocaine base from December 2007 to February 28, 2008. Counsel reasonably could conclude that "the prosecution did not sufficiently connect the [2006] conviction conduct to the . . . crack conspiracy on which [Boney] was being sentenced" in 2009. Cf. United States v. Brooks, 524 F.3d 549, 565 (4th Cir. 2008). Accordingly, Boney does not satisfy either of Strickland's requirements, and his first claim fails.

Next, Boney argues that his counsel provided ineffective assistance because, although counsel initially objected to applying a three-level enhancement under U.S.S.G. § 3B1.1(b) based on Boney's manager or supervisor role, counsel withdrew the objection at the sentencing hearing and "failed to argue against the enhancement at sentencing." Mot. to Vacate 11–12. However, counsel's decision to withdraw the objection was not objectively unreasonable or prejudicial. Counsel reasonably could conclude that such an objection was futile. Cf. U.S.S.G. § 3B1.1(b). Boney's co-defendant, Herbert Linwood Thomas, told authorities that, as a "runner" for Boney, he brought individuals to Boney and Boney paid him $200 to sell cocaine base for Boney. PSR ¶ 15. Thomas also served as Boney's spokesperson for new drug deals. Id. Another co-defendant, Jimmy Jerald Brown, converted cocaine to cocaine base for Boney. See id. ¶ 19. Furthermore, the criminal activity involved five or more participants: Boney, Thomas, Brown, Carlos Hernandez, Justin Dixon, Dexter Dixon, Faruk Rose, Wallace Rose, and others. Counsel is not required to make futile objections. See, e.g., Sharpe v. Bell, 593 F.3d 372, 383–84 (4th Cir. 2010). Moreover, "a very good tactical reason — not being overly contentious while [Boney] still needed the government to [explain

5

the basis of] a substantial assistance motion and the district court to be convinced that he had accepted responsibility — supported the defense lawyer's decision" to withdraw the objection. See United States v. Surginer, No. 94-5761, 1995 WL 494914, at *2 (4th Cir. Aug. 21, 1995) (per curiam) (unpublished). Indeed, at sentencing, Boney consented to the withdrawal of the objection, and the court granted the government's 5K1.1 motion. See Sent'g Tr. 5–8. Accordingly, in light of the record, Boney has failed to show that counsel's withdrawal of the objection was objectively unreasonable. Alternatively, Boney has not demonstrated a reasonable probability that the court would have sustained the objection and lowered his advisory guidelines sentencing range if counsel had made the objection. Cf. United States v. Henry, 336 Fed. Appx. 309, 310 (4th Cir. 2009) (per curiam) (unpublished). Thus, the second claim fails.

Next, Boney alleges that counsel provided ineffective assistance at sentencing because counsel did not request a downward variance based on the guidelines' sentencing disparity between crack and powder cocaine. See Mot. to Vacate 13. However, Boney has failed to show that if counsel had so requested, there is a "reasonable probability that the result would have been different." Wong, 130 S. Ct. at 390–91 (quotation omitted). Furthermore, at sentencing, this court acknowledged its discretion under Spears v. United States, 129 S. Ct. 840 (2009) (per curiam), and Boney has failed to show that counsel's decision not to request a variance was objectively unreasonable. See Sent'g Tr. 3–4, 13–18; cf. Hunter v. United States, No. 1:06-CR-251-3, 2010 WL 2696840, at *7 (W.D.N.C. July 6, 2010) (unpublished). Thus, the third claim fails. Accordingly, the court grants respondent's motion for summary judgment [D.E. 71] and denies Boney's motion to vacate [D.E. 68].

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Having determined Boney is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether Boney is entitled to a certificate of appealability with respect to one or more of the issues presented in this habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court denies a petitioner's constitutional claims on the merits, petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Where a court dismisses a petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of Boney's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

7

III.

The court GRANTS the government's motion for summary judgment [D.E. 71], and DENIES petitioner's motion to vacate [D.E. 68]. The court also DENIES a certificate of appealability.

SO ORDERED. This **3** day of August 2010.

JAMES C. DEVER III
United States District Judge